IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In Re: ARMSTRONG WORLD INDUSTRIES, INC., *et al.*

| | |
|---|---|
| SEA-PAC SALES COMPANY, | Civil Action No. 07-4 |
| Appellant | Bankruptcy Case No. 00-04471 |
| v. | Appeal No. 06-77 |
| ARMSTRONG WORLD INDUSTRIES, INC., | |
| Appellee | |

## SUPPLEMENTAL AUTHORITIES IN SUPPORT OF APPELLANT'S OPENING BRIEF

ECKERT SEAMANS CHERIN & MELLOTT, LLC
    Karen Lee Turner (No. 4332)
    Michael G. Busenkell (No 3933)
    300 Delaware Avenue, Suite 1360
    Wilmington, DE 19801
    (302) 425-0430

-and-

KARR TUTTLE CAMPBELL
    Michael M. Feinberg
    Diana K. Carey
    1201 Third Avenue, Suite 2900
    Seattle, Washington 98102
    (206) 223-1313

-and-

ROHDE & VAN KAMPEN PLLC
    Al Van Kampen
    1001 Fourth Avenue, Suite 4050
    Seattle, Washington 98154
    (206) 386-7353

*Attorneys for Sea-Pac Sales Company*

COMES NOW the Appellant, Sea-Pac Sales Company, by and through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, and respectfully submits the Supplemental Authorities in support of Appellant's Opening Brief filed on February 5, 2007.

## SUPPLEMENTAL AUTHORITIES

### Third Circuit Court of Appeal

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 219 (April 6, 2007) (Where an allegation of waiver, delay or a like defense is based on non-compliance with a contractual condition precedent to arbitration, the arbitrator not the court should decide the merits of these defenses)

### Other Circuit Courts of Appeal

*Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc. (In re Electric Machinery Enterprises, Inc.)*, 479 F.3d 791, 798-99 (11th Cir. Feb. 23, 2007) (holding that debtor's action to recover funds held by creditor in constructive trust for debtor was a non-core proceeding, which the debtor was required to arbitrate under parties agreement because, bankruptcy court has no discretion to deny enforcement of arbitration clause in non-core proceeding; and further holding, that even if it were a core proceeding, arbitration would be compelled because a bankruptcy court only has discretion to deny enforcement of the arbitration agreement where it actually makes a sufficient finding that enforcing an arbitration agreement would inherently conflict with the Bankruptcy Code).

### United States District Courts

*Goldman, Sacks & Co. v. Frankel*, 2007 U.S. Dist. LEXIS 36674 at *9-10 (May 17, 2007) (holding that although the parties agreement specified New York law controlled whether the claims petitioner sought to arbitrate under an otherwise applicable arbitration clause were barred by the state statute of limitations, the Federal Arbitration Act controlled, and it was for the arbitrators to decide whether petitioner's claims were time barred, not the court).

*Motors Insurance Corp. v. Pasco, Inc.*, 2007 U.S. Dist. LEXIS 3993 at *28 ((N.D. Ohio January 19, 2007) (holding where there is a waiver or laches claim that a party has unnecessarily delayed in asserting its right to arbitrate, it is for the arbitrator to decide the timeliness of the claims asserted in the arbitration).

### Bankruptcy Courts

*In re Jacqueline B. Cooley*, 2007 Bankr. LEXIS 513 at *18-22 (N.D. Ala. Feb. 14, 2007) (granting motion by creditor to compel arbitration under the FAA of debtor's counterclaim to creditor's proof of claim based on Truth in Lending Act and holding that notwithstanding the fact it was a core proceeding, bankruptcy court had no discretion to deny enforcement of the arbitration clause in the loan documents *citing inter alia Mintze v. Am. Gen. Fin. Serv., Inc. (In re Mintze)*, 434 F.3d 222, 229 (3d Cir. 2006)).

*In re Dixon*, 2007 Bankr. LEXIS 783 at *10 (Bankr. M.D. Ala. Mar. 5, 2007) (granting motion by creditor to compel arbitration under the FAA of debtor's complaint

under Truth in Lending Act based on arbitration clause in loan agreement and holding court had no discretion under *Elec. Mach. Enter.*, *supra* to deny arbitration of non-core matter).

*In re Johnny Wayne Dawsey*, 2007 Bankr. LEXIS 1381 at *10-11 (Bankr. M.D. Ala. Apr. 16, 2007) (granting motion by creditor to compel arbitration under the FAA of debtor's complaint under Truth in Lending Act based on arbitration clause in loan agreement).

*In re Warren R. Fries*, 2007 Bankr. LEXIS 1230 at *2 (Bankr. Md. May 16, 2007) (holding that creditor's motion to stay debtor's objection to creditor's claim pending arbitration would be granted based on arbitration clause in construction contract notwithstanding fact that debtor's objection to the creditor's claim was a core proceeding).

WHEREFORE, Appellant Sea-Pac Sales Company respectfully requests the Court's consideration of the Supplemental Authorities in support of Appellant's Opening Brief.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

_____
Karen Lee Turner (No. 4332)
Michael G. Busenkell (No 3933)
300 Delaware Avenue, Suite 1360
Wilmington, DE 19801
(302) 425-0430

## CERTIFICATE OF SERVICE

I, Michael G. Busenkell, certify that on this 10th day of July, 2007 I caused a true and correct copy of the foregoing Supplemental Authorities in Support of Appellant's Opening Brief to be served via First Class Mail, postage pre-paid upon the following:

Mark D. Collins, Esquire
Jason M. Madron, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Stephen Karatakin, Esquire
Debra A. Dandeneau, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

Louis J. Rouleau, Esquire
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street NW
Seventh floor
Washington, DC 20005

_____
Michael G. Busenkell (No 3933)

#617298 v1 / 27597-004