## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:    ARMSTRONG WORLD INDUSTRIES, INC., *et al.*

---

| | |
|---|---|
| **SEA-PAC SALES COMPANY,** ) | |
| ) | |
| Appellant ) | Civil Action No. 07-4 |
| ) | |
| **v.** ) | |
| ) | |
| **ARMSTRONG          WORLD** ) | Bankruptcy Case No. 00-04471 |
| **INDUSTRIES, INC.,** ) | Appeal No. 06-77 |
| ) | |
| Appellee ) | |

### SEA-PAC SALES COMPANY'S MEMORANDUM
### OF LAW IN SUPPORT OF MOTION FOR STAY PENDING
### APPEAL OF THE COURT'S NOVEMBER 20, 2006 ORDER

ECKERT   SEAMANS   CHERIN   &   MELLOTT
LLC
Karen Lee Turner (No. 4332)
Michael G. Busenkell (No. 3933)
300 Delaware Avenue, Suite 1360
Wilmington, Delaware 19801
(302) 425-0430

-and-

KARR TUTTLE CAMPBELL
Michael M. Feinberg
Diana K. Carey
1201 Third Avenue, Suite 2900
Seattle, Washington 98102
(206) 223-1313

-and-

ROHDE & VAN KAMPEN PLLC
Al  Van Kampen
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
(206) 386-7353

ATTORNEYS    FOR    SEA-PAC    SALES
COMPANY

## TABLE OF CONTENTS

Page

I.   JURISDICTION AND VENUE ................................. 7

II.  RELIEF REQUESTED ...................................... 7

III. LEGAL ARGUMENT ........................................ 7

   A.   A Party Appealing An Order Denying A Motion to
        Compel Arbitration Is Entitled To A Stay
        Pending Appeal, If the Appeal Is Not
        Frivolous. ...................................... 8

   B.   The Stay Pending Appeal Applies to All Claims
        and All Matters, Including Discovery Arguably
        Within Scope of Arbitration Clause. ............. 11

        1.   All of the Issues Identified by AWI
             Should by Stayed by Sea-Pac's Appeal ....... 15

        2.   Discovery on the Arbitrable Issues is
             Stayed By Sea-Pac's Appeal ................. 20

   C.   Sea-Pac's Alleged Litigation Conduct is
        Irrelevant to the Stay Pending Appeal Issue. ..... 20

IV.  CONCLUSION ............................................ 26

## TABLE OF AUTHORITIES

**Page**

## CASES

*Akai Elec. Co.* (In re *Singer Co., N.V.*), 2001
U.S.Dist.LEXIS 12902 (S.D.N.Y. 2001) .......................12

*Blinco v. Greentree Servicing, LLC*, 366 F.3d 1249 (11th
Cir. 2004) ...........................................8, 12

*Bradford-Scott Data Corp. v. Physician Computer
Network, Inc.*, 128 F.3d 504 (7th Cir. 1997)8, 10, 11, 12, 17, 20

*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir.
1990) ..................................................8

*Cibro Petroleum Products, Inc. v. City of Albany* (In re
*Winimo Realty Corp.*), 270 B.R. 99 (S.D.N.Y. 2001) .....12, 13

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3d
Cir. 2007) ... 1, 6, 8, 9, 10, 11, 17, 19, 20, 21, 24, 25, 26

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79,
(2002) .................................................24

*In re Mintze*, 434 F.3d 222 (3d Cir. 2006) ............18, 19

*In re Statewide Realty Co.*, 159 B.R. 719 (Bankr. D.
N.J. 1993) .............................................22

*In re: Transport Associates, Inc.*, 263 B.R. 531 (Bankr.
W.D. Ky. 2001).......................................22, 23

*Kittay v. Ladegger* (In re *Hagerstown Fiber Ltd
Partnership*), 277 B.R. 181 (S.D.N.Y. 2002)...........12, 16

*Marie v. Allied Home Mortgage*, 402 F.3d 1 (1st Cir.
2005) .................................................24

*MBNA America Bank, N.A. v. Hill*, 436 F.3d 104 (2nd Cir.
2006) .................................................19

*McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d
1158 (10th Cir. 2005)...........................8, 10, 12

*Mor-Ben Insurance Markets Corp., v. Trident General
Ins. Co., Ltd.*, 73 B.R. 644 (9th Cir. B.A.P. 1987) .......22

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir.
2004) .................................................8

*Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220
(1987) .................................................19

**STATUTES**

11 U.S.C. § 502(a) ........................................23

28 U.S.C. § 1334 ..........................................7

28 U.S.C. § 1409 ..........................................7

28 U.S.C. § 1448 ..........................................7

28 U.S.C. § 158 ...........................................7

9 U.S.C. § 16(a) ..........................6, 8, 9, 10, 16, 20

Pursuant to the Third Circuit's ruling in *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007), Sea-Pac Sales Company (**"Sea-Pac"**) respectfully moves this Court for an order pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure staying this adversary proceeding, pending final resolution of Sea-Pac's appeal of the Court's November 20, 2006 Order (the **"Order Denying Arbitration"**). Alternatively, Sea-Pac requests the Court stay all matters involving potentially arbitrable issues in this case. In support of this Motion, Sea-Pac respectfully states as follows:

## I.    BACKGROUND

On December 6, 2000, AWI and certain of its affiliated companies (collectively **"AWI"**) filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**) in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**).[1]

Sea-Pac is a creditor of AWI based on two prepetition contracts: a Commercial Flooring Products

---

[1] By an order entered on August 18, 2006, the United States District Court for the District of Delaware confirmed AWI's Fourth Amended plan of Reorganization, as Modified, and on October 2, 2006, AWI emerged from chapter 11 protection.

Distributorship Agreement ("*Commercial Agreement*") and a Residential Flooring Products Distributorship and Sales/Service Agreement ("*Residential Agreement*"), both of which expired following two extensions on March 31, 2004. *See* Appendix 1. Both the Commercial Agreement and the Residential Agreement contain broadly worded arbitration clauses requiring the arbitration of disputes arising under the agreement.

By an *Order Pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3)(I) Fixing a Final Dated for Filing Proofs of Claim Relating to Certain Contracts and Leases and (II) Approving the Proposed Forms Of Proof of Clam and Notice* dated September 29, 2005 ("***Executory Contracts Bar Date Order***"), the Bankruptcy Court set November 8, 2005 as the deadline by which all parties to "***Previously Scheduled Contracts***" must file proofs of claim for any and all claims against AWI relating to such Previously Scheduled Contracts, i.e., contracts that originally were listed by AWI on Schedule G to its Schedule of Assets and Liabilities filed at the outset of its chapter 11 case, but which AWI believed should no longer be considered executory because they had terminated or expired according to their terms. Both the Commercial Agreement

and the Residential Agreement were identified in the Executory Contracts Bar Date Order as a Previously Scheduled Contracts. The Executory Contracts Bar Date Order required parties to Previously Scheduled Contracts to file proof of claim if they disagreed with the amount or characterization of their claim as described in Executory Contract Bar Date Order.

On November 8, 2005, Sea-Pac filed a timely proof of claim in the AWI bankruptcy (the "**Sea Pac Claim**") based on Commercial and Residential Agreements. *See* Appendix 1. Sea-Pac additionally asserted claims under a letter Agreement (the "**Interim Agreement**") made on or about August 25, 2004, which adopted the terms of the Commercial Agreement and Residential Agreement effective August 25, 2004 through December 31, 2004. *Id.* Sea-Pac asserted that not less than $4,500,000 of its claim was entitled to administrative priority status under 11 U.S.C. 503(b)(1). *Id.* The Sea-Pac Claim has been designated as Claim 4854 by the AWI's claims agent. *Id.*

AWI took no action on Sea-Pac's Claim for over seven months. Finally on July 20, 2006, AWI filed an objection to Sea-Pac's Proof of Claim (the "***AWI Objection***"). *See* Appendix 2. By its objection, AWI sought

to disallow the Administrative Expense Claim or, in the alternative, reclassify the Administrative Expense Claim as a general unsecured claim. *See* Appendix 2, Objection ¶ 17.

On or about September 15, 2006, Sea-Pac filed its Response to the Supplemental Objection. *See* Appendix 3. Contemporaneously with its response to the AWI Objection, Sea-Pac filed a motion to pursuant to § 3 of the Federal Arbitration Act (**"FAA"**) to (i) stay objection by Armstrong World Industries, Inc. to Sea-Pac's proof of claim no. 4854 pending arbitration, and (ii) for relief from the automatic stay or, in the alternative, for relief from the discharge injunction (**"Arbitration Motion"**) to stay the proceedings on AWI's objection pending arbitration of Sea Pac's claims. *See* Appendix 4. Subsequently, AWI filed *a Supplemental Objection and Counterclaims of Armstrong World Industries Inc. with Respect to Proof of Claim of Sea-Pac Sales Company (Claim No. 4854)* (**"Supplemental Objection"**) raising additional defenses to the Sea-Pac Claim and asserting counterclaims, thereby commencing this Adversary Proceeding (**"Adversary Proceeding"**).

After hearing argument on the Arbitration Motion on October 23, 2006, the Bankruptcy Court denied the Arbitration Motion ruling that Sea-Pac was obligated to

demand arbitration as soon as it was aware that a dispute arose, that Sea-Pac failed to preserve its right to arbitrate by not timely invoking the arbitration clauses contained in the Commercial Agreement and the Residential Agreement. *See* Appendix 5. Transcript at 19-21. On November 20, 2006, the court entered the Order Denying Arbitration. On November 30, 2006, Sea-Pac filed a timely Notice of Appeal under Section 16(a) of the FAA, which is presently pending before this Court.

On March 23, 2007, after AWI filed a motion for partial summary judgment, Sea-Pac filed a motion to stay the proceedings in the bankruptcy court on the Sea-Pac Claim pending this Court's disposition of Sea-Pac's Appeal ("**Stay Pending Appeal Motion**") and requested an expedited hearing. *See* Appendices 6 & 7. The bankruptcy court granted Sea-Pac's Motion for an Expedited Hearing and on April 2, 2007, held a hearing on the Stay Pending Appeal Motion. The bankruptcy court denied the motion without prejudice to Sea-Pac to renew the motion at a later date. A formal order denying the Stay Pending Appeal Motion was entered on April 6, 2007. *See* Appendix 8.

Following the entry of the Stay Pending Appeal Motion, the Third Circuit Court of Appeals issued its opinion in

*Ehleiter*, which held among other things, that a trial court is automatically divested of jurisdiction to proceed where there is an appeal under Section 16(a) of the FAA of an order denying a motion to stay litigation pending until such time as the appeal is fully litigated or determined to be frivolous or forfeited. 482 F.3d at 215 n.6.

On June 18, 2007, Sea-Pac filed its Renewed Motion for Stay Pending Appeal (**"Renewed Stay Pending Appeal Motion"**) based on *Ehleiter* and again sought an expedited hearing. *See* Appendices 8 & 9. The bankruptcy court denied Sea-Pac's request for an expedited hearing and set a briefing schedule requiring AWI to file a response by July 5 and Sea Pac to file a reply by July 10, 2007. *See* Appendix 10. AWI filed its response on July 5, 2007. *See* Appendix 11. On July 9, 2007, *before* Sea-Pac's reply brief *was due*, the bankruptcy court issued its Order Denying Sea-Pac Sales Company's Renewed Motion for Stay Pending Appeal of the Court's November 20, 2007 Order, summarily denying the Renewed Stay Pending Appeal Motion based on the reasons stated in AWI's response. See Appendix 12.

Sea-Pac now requests this Court grant it a Stay Pending Appeal as required by *Ehleiter*.

## I.    JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 158 and 1334, Bankruptcy Rule 8005 and pursuant to Article IX of the Fourth Amended Plan of Reorganization of Armstrong World Industries, Inc. as Modified (the "*Plan*") and the Order Confirming the Fourth Amended Plan of Reorganization of Armstrong World Industries, Inc., as modified confirming the Plan.  Venue is proper pursuant to 28 U.S.C. §§ 1448 and 1409.

## II.    RELIEF REQUESTED

Sea-Pac requests that the Court enter an Order staying all proceedings before the bankruptcy court related to the Sea-Pac Claim pending resolution of this appeal by the District Court or in the alternative that this Court stay all issues related to the arbitrable issues in this matter.

## III. LEGAL ARGUMENT

Bankruptcy Rule 8005 enables the bankruptcy court, a bankruptcy appellate panel or district court to issue a stay pending appeal from a judgment, order or decree of a bankruptcy court.  The Rule provides that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in

interest." Bankruptcy Rule 8005 states that the motion for stay pending appeal "must ordinarily be presented to the bankruptcy judge in the first instance" before being presented to the district court. Sea-Pac has presented such a motion to the bankruptcy judge on two occasions.

**A.    A Party Appealing An Order Denying A Motion to Compel Arbitration Is Entitled To A Stay Pending Appeal, If the Appeal Is Not Frivolous.**

The Federal Arbitration Act provides that a party may immediately appeal an order denying a motion to compel arbitration or refusing to stay a matter during arbitration. 9 U.S.C. § 16(a). Sea-Pac has filed such an appeal that is presently pending before this Court. There is a split between the circuit courts of appeal as to whether a trial court must stay all proceedings pending the resolution of an interlocutory appeal under § 16(a) of the FAA.[2] At the time Sea-Pac filed its Stay Motion the Third Circuit had not addressed this issue. Subsequently, in *Ehleiter* the Third Circuit held that it would follow the

_____

[2] *Compare McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005) (automatic divestiture of trial court jurisdiction unless appeal is frivolous or forfeited); *Blinco v. Greentree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) (automatic divestiture of trial court jurisdiction unless appeal is frivolous); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) (endorsing automatic divestiture rule, reasoning that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals"), with *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004) (no automatic stay); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (same).

majority of the circuits that hold a trial court is automatically divested of jurisdiction to proceed where there is an appeal under Section 16(a) of an order denying a motion to stay litigation until such time as the appeal is fully litigated or determined to be frivolous or forfeited. *Id.* at 215, n.6.

AWI argues[3] that the unpublished order referred to in *Ehleiter,* footnote 6, is not part of the holding and is not binding precedent. But, footnote 6 is plainly part of the decision in Ehleiter. With respect to the jurisdictional issue, the Third Circuit held the FAA's strong policy favoring arbitration is "best served, by allowing the party to obtain a definitive ruling on the denial of its Section 3 motion by way of interlocutory appeal to this Court, rather than requiring it to continue litigating the case to final judgment before obtaining a full round of appellate review on the waiver issue." 482 F.2d at 414-15. It reasoned, that in the event an appellate court determined that a stay pending appeal had be improperly denied, requiring a party to spend substantial time and expense fully litigating a matter whose result would have to be vacated, would effectively deprive the party of the

---

[3]    Sea-Pac was denied any opportunity to address AWI's arguments because the bankruptcy court entered its order denying Sea-Pac's Renewed Stay Motion before Sea-Pac's reply was due.

bargained for benefits of the arbitral forum. *Id.* at 214. *Accord McCauley*, 413 F.3d at 1161; (*Bradford-Scott Data Corp.,* 128 F.3d at 506 (court has "duty to protect the benefits of arbitration from erosion by the demands of litigation in district court during the pendency of a non-frivolous appeal from the denial of arbitration.")

Accordingly and consistent with its holding, the Third Circuit in footnote 6, indicated that it had granted a stay pending appeal and that the Third Circuit was not in agreement with the majority rule that there is "automatic divesture" of trial court jurisdiction where the § 16(a) appeal is neither frivolous or forfeited. *Id.* at 215, n.6. Indeed, there would have been no reason for the court to have even included footnote 6 unless it intended to adopt the "automatic divesture" rule.

*Ehleiter* unambiguously holds that a party who has filed a non-frivolous appeal under § 16(a) of the FAA is entitled to a stay pending appeal of the trial court's decision not to enforce an arbitration provision. AWI has never suggested that Sea-Pac's appeal is frivolous, not in its appeal brief and not in its responses to either of Sea-Pac's motions for a stay pending appeal. Accordingly, Sea-Pac plainly is entitled to an order staying the appeal

until its appeal of the Order Denying Arbitration has been fully litigated.

**B.    The Stay Pending Appeal Applies to All Claims and All Matters, Including Discovery Arguably Within Scope of Arbitration Clause.**

AWI argued in its Opposition to Renewed Stay Motion that the Bankruptcy Court should not accept Sea-Pac's invitation to stay any part of this proceeding arguing that this case differs materially from *Ehleiter* because there are issues that will undeniably go forward in the trial court.  The distinction AWI attempts to make is untenable.  AWI is unable to cite a single case that supports its position and the cases it cites either hold to the contrary or do not address the issue.

For example, *Bradford-Scott Data Corp. v. Physician Computing Network*, 128 F.3d 504 (7th Cir. 1997), relied on by AWI, expressly rejects AWI's argument.  In that case Bradford Scott argued that because there were defendants who were not part of the appeal the action would nevertheless go forward in the district court, and accordingly the action should not be stayed.  But the Seventh Circuit reversed the district court holding the

effect of automatic divesture was to stay all proceedings of the arbitrable issues pending appeal.[4]

Likewise, district courts in their appellate capacity have consistently reversed bankruptcy courts that have refused to stay proceedings when a case presents both arbitrable and non-arbitrable issues as this case does. *Kittay v. Ladegger (In re Hagerstown Fiber Ltd Partnership)*, 277 B.R. 181, 199 (arbitrable claims subject to mandatory stay under the FAA and court must address whether to stay balance of non-arbitrable claims); *Cibro Petroleum Products, Inc. v. City of Albany (In re Winimo Realty Corp.)*, 270 B.R. 99 (S.D.N.Y. 2001); *Akai Elec. Co. (In re Singer Co., N.V.)*, 2001 U.S.Dist. LEXIS 12902 (S.D.N.Y. 2001). At a minimum, the automatic divesture rule deprives the bankruptcy court of jurisdiction of all aspects of the arbitrable issues and only those issues that will not be affected by or do not share common issues with the arbitrable issues are not stayed. *See In re Hagerstown Fiber Ltd Partnership*, 277 B.R. at 208 (staying non-arbitrable fraudulent conveyance claims because they overlapped the arbitrable contract claims and shared common

---

[4]    *Id.* at 507. *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005) and *Blinco v. Greentree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) adopt *Bradford-Scott's* reasoning but involve only arbitrable claims. They provide no support for AWI's position that where there are both arbitrable and non-arbitrable claims, the automatic divesture rule does not apply.

questions of fact such that arbitration might contribute to resolution of issues raised by fraudulent conveyance claims); *In re Winimo Realty Corp.,* 270 B.R. 99 (staying all claims that were arguably dependant on the outcome of the arbitrable issues).

In *Hagerstown Fiber* the trustee filed a complaint containing 21 separate counts against over a dozen defendants arising out of an agreement to construct a waste paper pulping and facility and waste treatment plant.    277 B.R. at 189.    Two counts of the complaint alleged breaches by the contractor and its parent of the construction contract, which contained what the court described as a "narrow" arbitration clause.    *Id.* at 204.    The remaining counts alleged various fraudulent conveyance claims under § 544(b) of the Bankruptcy Code, a turnover claim under § 542 of the Bankruptcy Code, and claims of fraud, breach of fiduciary duty, knowing participation in breaches of fiduciary duty, professional negligence as well as breaches of other contracts.    These claims were asserted against the contractor, its parents and at least ten other parties. *See id.* at 195-196.    The trustee conceded the arbitrability of the claims against the contractor and its parents under the construction contract but argued the remaining claims

against both the contractor and the other parties were non-arbitrable. *Id.* at 205. The court disagreed. Rather, the court held that to determine if the proceedings involving a claim should be stayed it was required to engage in a claim by claim analysis of whether the non-arbitrable claims and arbitrable claims involved common questions of law and fact or whether the arbitration was likely to dispose of issues common to the claims of the arbitrating and non-arbitrating defendants. *Id.* at 199. For example[5], the court held the fraudulent conveyance claims, although they were core bankruptcy proceedings and not subject to the arbitration clause, should nevertheless be stayed because they shared common questions of fact with the arbitrable contract claims regarding whether the debtor received fair consideration and accordingly resolution of the contract claims might contribute to resolution of the fraudulent conveyance claims. *Id.* at 208-09. With respect to the fraud claims, which were likewise non-arbitrable, the court held that as to the contractor they should be stayed because they were grounded on the construction contract, but severed the fraud claims against the other defendants that were not parties to the arbitration agreement. *Id.* at

---

[5] The following analysis is not a complete description of the court's analysis of all the claims, but only certain claims that have illustrative significance with respect to the issues presented here.

211.   As to the claims against the construction sureties, it stayed the claims because the sureties had bound themselves for the contractor's performance under the construction contract and their liability could not be determined until the contractor's liability under the contract was determined. *Id.* at 212-13.

In the Third Circuit, when there are both arbitrable and non-arbitrable issues all proceedings involving the arbitrable issues must be stayed. A court thus is required either to stay the entire proceeding or determine whether the balance of the issues should be stayed based on whether they share common issues of fact or law with the arbitrable issues or are dependent on their outcome. In line with this analysis, this court should (i) stay the entire Adversary Proceeding or (ii) determine which non-arbitrable issues should be stayed because they share common issues of fact with the arbitrable issues or are dependent upon their outcome.

### 1.   All of the Issues Identified by AWI Should by Stayed by Sea-Pac's Appeal

AWI contends, incorrectly, that there a certain issues that will undeniably go forward and that Sea-Pac is not seeking to stay those issues. While Sea-Pac agrees there may be certain issues that ultimately will have to be

resolved by the bankruptcy court, Sea-Pac maintains that all the issues AWI has identified as issues that will indisputably go forward in the bankruptcy court are either arbitrable or subject to stay pending resolution of Sea-Pac's FAA § 16 appeal because they share common issues of law and fact with the arbitrable issues, are dependent upon the resolution of arbitrable issues or would be mooted by a decision requiring arbitration of Sea-Pac's claims based on the Commercial and Residential Agreements.

A portion of Sea-Pac's Claim is based on the roughly five-month period between the expiration of the Commercial and Residential Agreements, on March 31, 2004 and the Interim Agreement that was effective August 27 to December 31, 2004, and which incorporates the terms of the Commercial and Residential Agreement. AWI claims that these claims are not arbitrable and should not be stayed. Assuming arguendo they are not covered by the arbitration clauses in the Commercial and Residential Agreements, they nonetheless share common issues of law and fact with the arbitrable claims, which requires that they be stayed. See *In re Hagerstown Fiber Ltd Partnership*, 277 B.R. at 199, 208 and 212. Moreover, the arbitrators will have to decide whether the parties intended that the Interim Agreement

would reinstate the parties' agreement covering the five-month period, and how to count Sea-Pac's lost sales during the period resulting from AWI's illegal appointment of a second distributor. For example, if the competing distributor received a sales order prior to March 31, but delivered the flooring during the following five month period, Sea-Pac believes that sale is part of its damages. Not staying the matter would also raise the possibility of two trials and inconsistent rulings involving the same issues, which the automatic divesture rule is designed to avoid. *See Ehleiter* 482 F.3d at 214 (automatic divesture rule intended to prevent the possibility of two trials); *Bradford-Scott*, 128 F.3d at 505 (continuation of proceedings in the trial court creates risk of inconsistent handling of the case by two tribunals). Contrary to AWI's contention, the case law indicates that Sea-Pac's claim during the roughly five-month period not covered by any agreement should be stayed.

AWI contends that the Motion to Vacate pending before the bankruptcy court would not be stayed. The Motion to Vacate involves the question of whether AWI should be able to amend its complaint to add certain

affirmative defenses to the Sea-Pac Claim.[6]  If this Court determines that Sea-Pac's claims under the Residential and Commercial Agreements are arbitrable, this will return the parties to the status quo as of the date Sea-Pac requested arbitration and all orders entered by the trial court on the arbitrable claims would have to be vacated. *See In re Mintze*, 434 F.3d 222, 233 (3d Cir. 2006)(vacating bankruptcy court's summary judgment order dismissing debtor's TILA and HOPEA claims, and restoring parties to the status quo as of the date of the motion to compel). Whether AWI can amend its affirmative defenses should be determined by the procedural rules of the arbitral forum.

AWI also contends in its summary judgment argument that Sea-Pac is barred from asserting a pre-petition claim under federal bankruptcy law because it withdrew an earlier, unrelated claim with prejudice after AWI paid Sea-Pac the full amount it claimed.  Its analysis is driven by its faulty premise that only state law issues may be arbitrated.  Arbitration is "presumptively an appropriate and competent forum of federal statutory claims," including claims based on the Bankruptcy Code if

---

[6] Sea-Pac is seeking to vacate an order granting a AWI's Motion for Leave to Amend it Supplemental Objection.  As is the case here with Sea-Pac's Renewed Stay Motion, the bankruptcy court granted AWI's motion before Sea-Pac's opposition was due, so that Sea-Pac was never provided the opportunity to address the merits of the motion.

the are the subject of an enforceable arbitration provision. *MBNA America Bank, N.A. v. Hill*, 436 F.3d 104, 110 (2nd Cir. 2006)(citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 233 (1987)). The analysis of whether Sea-Pac's pre-petition claim is barred because it withdrew the claim after it had been paid in full turns on traditional claim preclusion principles. AWI does not suggest why, under the *McMahon* standard, the issue of whether Sea-Pac is barred from asserting its prepetition claim cannot be decided by an arbitrator.[7]

Under *Ehleiter*, Sea-Pac is entitled to stay all issues that were subject to an arbitration clause in the parties' written agreements and any other claim that has common issues of law or fact with the arbitrable issues or would be dependent on the outcome of the arbitration. All of the issues AWI contends are not arbitrable should be stayed pending resolution of Sea-Pac's § 16 appeal because they share common issues of law and fact with the

---

[7]    The Supreme Court's *McMahon* standard, applies to all statutory claims subject to applicable arbitration clauses, including core bankruptcy proceedings. *Mintze*, 434 F.3d at 230-31. Under the *McMahon* standard, to overcome enforcement of arbitration,

> a party must establish congressional intent to create an exception to the FAA's mandate with respect to the party's statutory claims. Congressional intent can be discerned in one of three ways: (1) the statute's text, (2) the statute's legislative history, or (3) "an inherent conflict between arbitration and the statute's underlying purposes."

*Mintze*, 434 F.3d at 229 (quoting *McMahon*, 482 U.S. at 227.)

arbitrable issues, or would be mooted by a decision requiring arbitration of Sea-Pac's claims based on the Commercial and Residential Agreements. Accordingly, this Court should stay the Adversary Proceeding.

### 2. Discovery on the Arbitrable Issues is Stayed By Sea-Pac's Appeal

Under the automatic divesture rule, all proceedings involving the arbitrable claims, including discovery are stayed. See *Bradford-Scott Data*, 128 F.3d at 507. AWI is simply incorrect when it contends that automatic divesture does not stay discovery.

### C. Sea-Pac's Alleged Litigation Conduct is Irrelevant to the Stay Pending Appeal Issue.

The bankruptcy Court held that Sea-Pac waived its right to arbitrate by failing to demand arbitration in the time required by the parties written agreement. That is the issue presently on appeal. Even if the bankruptcy court's decision had been based on Sea-Pac's litigation conduct there would be no reason for the court to deny a stay pending appeal. The teaching of *Ehleiter* is that even if the trial court determines not to stay a proceeding pending arbitration based on litigation conduct, the party advocating arbitration is nonetheless entitled to a stay pending appeal if the appeal is not frivolous.

In *Ehleiter,* the appellant had actively litigated the case in court for approximately four years. *Id.* at 210. During that time both parties engaged in extensive discovery, submitted and responded to several sets of interrogatories and requests for production of documents, took numerous depositions and submitted several expert reports. *Id.* Appellant then sought and was granted a continuance of the trial date during which it filed a motion for summary judgment, a motion to implead a third party defendant, and a motion to amend his complaint to include a claim for punitive damages. *Id.* All three motions had been fully briefed and were pending decision by the superior court when, on the final day for filing motions under the court's scheduling order and only one day before the parties' joint final pretrial statement and proposed jury instructions were due, appellant filed a motion to stay the case pending arbitration pursuant to Section 3 of the FAA, 9 U.S.C. § 3 based on a contractual arbitration clause contained in a contract of a related party. *Id.* Notwithstanding these acts, the Third Circuit Court of Appeals found the appeal to be non-frivolous and granted a stay pending appeal.

In point of fact, Sea-Pac has not engaged in any litigation conduct that could possibly amount to waiver. The so-called litigation conduct AWI points to relates to Sea-Pac's having filed two proofs of claim in this proceeding. The case law uniformly holds that the act of filing of a proof of claim does not waive the creditor's right to invoke an otherwise valid right to arbitrate. *See In re Statewide Realty Co.*, 159 B.R. 719, 724 (Bankr. D.N.J. 1993); *In Re: Transport Associates, Inc.,* 263 B.R. 531, 536 (Bankr. W.D. Ky. 2001); *Mor-Ben Insurance Markets Corp., v. Trident General Ins. Co., Ltd.*, 73 B.R. 644, 645 (9th Cir. B.A.P. 1987).

After Sea-Pac filed its first proof of claim, AWI paid the amount claimed and Sea-Pac withdrew the claim. There was no dispute and consequently no need for arbitration or any other dispute resolution.[8]

On November 8, 2005, Sea-Pac filed its second proof of claim, which is the subject of this Adversary Proceeding. AWI did not take any action on the Sea-Pac Claim for more than seven months until July 20, 2006, when it filed the AWI Objection. Until the filing of the AWI Objection, the Sea-Pac Claim was deemed an allowed claim.

---

[8]    Under § 502(a) of the Bankruptcy Code, a proof of claim is deemed allowed until a party in interest objects to it.

*See* 11 U.S.C. § 502(a).    Contemporaneously with its response to the AWI Objection, Sea-Pac filed its Arbitration Motion, which the bankruptcy court denied in the Stay Order and which Sea-Pac has appealed to this Court.

A party who files a proof of claim does not waive a right to arbitrate based on litigation conduct if it demands arbitration within a reasonable time after the filing of an objection to the claim.    *In re Transport Associates,* 263 B.R. at 536.    Sea-Pac filed its Arbitration Motion with its first substantive pleading after AWI objected to the Sea-Pac Claim.    There is absolutely no basis for any argument that Sea-Pac waived its right to arbitrate by litigation conduct, when the very first action it took in the litigation was to demand arbitration.[9]    It is ironic that AWI complains about delay since the delay it complains about is largely the result of its own making by waiting more than seven months after Sea-Pac filed its claim before taking any action with respect to it.

Not only was there no litigation waiver, *Ehleiter* suggests that the bankruptcy court's reasoning in denying

---

[9]    The other alleged litigation conduct relates to a period when there were no litigation issues joined between the parties, or to events that in the Adversary Proceeding subsequent to Sea-Pac filing its Arbitration Motion.  Acts when there is no litigation and acts after arbitration is demanded cannot serve as a basis for litigation waiver.

Sea-Pac's Motion to Arbitrate in the first instance is untenable. *Ehleiter* adopted the First Circuit's analysis in *Marie v. Allied Home Mortgage*, 402 F.3d 1 (1st Cir. 2005), recognizing two different kinds of waiver may arise in case involving a contractual arbitration clause. 482 F.3d at 218-219. One is based on waiver, delay or a like defense arising from non-compliance with contractual conditions precedent to arbitration, such as the NASD time limit rule at issue in *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, (2002). *See Ehleiter,* 482 F.3d at 218-19. The other type of waiver is based on litigation conduct in a judicial forum that is inconsistent with, and waives, the right to arbitrate. *Id.* at 219.

Where an allegation of waiver, delay or a like defense based on non-compliance with contractual conditions precedent, "there is a presumption that the arbitrator should decide such the merits of these defenses." *Ehleiter,* 482 F.3d at 219 (citing *Howsam,* 537 U.S. at 84). The bankruptcy court's decision that Sea-Pac waived the arbitration provision was based on non-compliance with a contractual conditions precedent.

> It seems that the dispute arises as soon as Sea-Pac decides it has a claim and thinks Armstrong is in breach. . . [Y] our dispute [is] because you think that Armstrong has

breached the contract because it appointed a
second distributor is the date by which that
40-day period begins. . . .    Sea-Pac didn't
do that.    I really don't think Sea-Pac has
preserved the right to arbitrate.    I think
you had one at the outset.    I mean, the
contract clearly provides the parties with
that 40-day window, but I don't think it was
timely invoked in this instance.

Transcript of Hearing (October 23, 2006) at 19-20.

*Ehleiter* holds this type of waiver is for an arbitrator to decide.

Where there is an alleged waiver based on litigation conduct inconsistent with the right to arbitrate, *Ehleiter* plainly holds that waivers of this type are appropriately decided by the court.    The bankruptcy court's decision that Sea-Pac waived the right to arbitrate was based solely on Sea-Pac's alleged failure to timely invoke the arbitration clause in its contracts and not on any litigation conduct.

As noted above, the bankruptcy court did not deny Sea-Pac's Stay Motion based on litigation conduct but on its supposed failure to timely invoke the arbitration mechanism under the parties' written contracts.    Moreover, there is no basis to conclude that Sea-Pac waived its right to arbitrate based on litigation conduct.    However, it makes no difference here — had the bankruptcy court waiver

ruling been based on litigation conduct, *Ehleiter* holds that the trial court is automatically divested of jurisdiction pending appeal of the arbitration. Sea-Pac is entitled to a stay pending appeal regardless of the basis of the bankruptcy court's waiver decision.

## IV.  CONCLUSION

*Ehleiter* is binding precedent and requires, at a minimum, that this court stay the proceedings before the bankruptcy court pending the conclusion of Sea-Pac's appeal under § 16(a) of the FAA as they pertain to the arbitratable issues. AWI cites absolutely no authority to support its position that this court can ignore *Ehleiter*. When both arbitrable and non-arbitrable issues are present, the court is required to stay the arbitrable issues, including any discovery related to them, and determine whether the non-arbitrable issues share common issues of law or fact with the arbitrable issues or are dependent on their outcome to determine whether they can go forward or whether permitting them to go forward would possibly lead to inconsistent results. The bankruptcy court failed to engage in this or any other analysis, summarily determining that the requested stay should be denied and that the whole matter should go forward without permitting Sea-Pac to reply to AWI's unsupported legal position.

This court should (i) stay the entire Adversary Proceeding or (ii) determine which non-arbitrable issues should be stayed because they share common issues of fact with the arbitrable issues or are dependent upon their outcome.

Dated: July 16, 2007.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

_____

Karen Lee Turner (Bar No. 4332)
Michael G. Busenkell
   (Bar No. 3933)
300 Delaware Avenue, Suite 1360
Wilmington, Delaware  19801
(302) 425-0430 (Telephone)

Michael M. Feinberg
Diana K. Carey
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98102
(206) 223-1313

Al Van Kampen
ROHDE & VAN KAMPEN, PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
(206) 386-7353

*Attorneys for Creditor, Sea-Pac Sales Company*

## CERTIFICATE OF SERVICE

I, Michael B. Busenkell, Esquire, certify that on July 16, 2007, I caused copies of the foregoing **Sea-Pac Sales Company's Memorandum of Law in Support of Motion for Stay Pending Appeal of the Court's November 20, 2006 Order** to be served in the manner indicated on:

Mark D. Collins, Esquire
Jason M. Madron, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
**By Hand**

Stephen Karatkin, Esquire
Debra A. Dandeneau, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY  10153
**By First Class Mail**

Louis J. Rouleau, Esquire
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street NW
Seventh Floor
Washington, DC  20005
**By First Class Mail**

Michael G. Busenkell  (#3933)